UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DEBBIE L. WELLS, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:07CV00036 ERW |
| | ) | |
| FARMERS ALLIANCE MUTUAL | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Debbie L. Wells' ("Plaintiff") Motion to Dismiss Counterclaim for Declaratory Judgment [doc. #5] and Motion to Strike Defendant's Answer Affirmative Defenses, or, Alternatively, Motion for a More Definite Statement of Defendant's Answer Affirmative Defenses [doc. #8].

**I.   BACKGROUND**[1]

Plaintiff owns property located at 10 Caulfield Lane, Montgomery City, Montgomery County, Missouri 63361-4815 ("property"). The property was insured by Farmers Alliance Mutual Insurance Company ("Defendant") from November 8, 2006 until November 8, 2007. Between November 30, 2006 and January 21, 2007, Plaintiff claims that the property suffered a sudden snow, ice, and water casualty loss. Plaintiff states that this casualty loss resulted in severe and permanent damage by snow, ice, water, mold, spores and resulting toxic substances, to both

---

[1] The Court's recitation of facts is taken from Plaintiff's Complaint and Defendant's Answer and Affirmative Defenses and Counterclaim.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

the premises and personal property therein. Plaintiff asserts that she discovered the damage on December 14, 2006, and immediately notified Defendant of the damage.

Plaintiff seeks to recover from Defendant under the theories of breach of contract, vexatious refusal to pay, and fraudulent misrepresentation. In response, Defendant has raised several affirmative defenses, and has counterclaimed. In the counterclaim, Defendant seeks a declaratory judgement which would state:

- Plaintiff breached the policy conditions and refused to cooperate;
- No coverage exists under the policy and Defendant is not liable to Plaintiff under the policy for any claim made by Plaintiff;
- Defendant is entitled to recover for all of its costs and expenses, including attorney's fees;
- Defendant is entitled to recover any advance payment from Plaintiff; alternatively Defendant is entitled to a set-off in the amount of said advance payment against any judgment in favor of Plaintiff;
- Upon a finding of misrepresentation, concealment, or fraud by Plaintiff, that Defendant be allowed to present to the Court the total amount of attorneys' fees and expenses that Defendant is entitled to recover; and
- Any and all other further relief as the Court deems just and proper under the circumstances.

## II. MOTION TO DISMISS

Plaintiff moves to dismiss Defendant's Counterclaim for failure to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6). An action for a declaratory judgment is properly dismissed under Fed. R. Civ. P. 12(b)(6) where it fails to allege an "actual controversy" and where "it appears beyond doubt that the [defendant] can prove no set of facts in support of" a claim entitling him or her to relief.[2] 28 U.S.C. § 2201; *Breedlove v. Earthgrains*

---

[2] Plaintiff's Motion is based upon the six factor test set forth in *Scottsdale Inc. Co. v. Detco Indus., Inc.* 426 F.3d 994 (8th Cir. 2005). However, *Decto* does not apply to this action. In *Detco*, the insurer brought a separate action for a declaratory judgment against the insured while a state court case was pending. *Id.* at 996. The *Detco* decision assumed that a state court case is pending, and detailed the analysis that is required to determine whether the state action is

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

*Baking*, 140 F.3d 797, 799 (8th Cir. 1998) (internal citations omitted). The Court will consider each standard separately.

### A. ACTUAL CONTROVERSY

The Declaratory Judgment Act extends jurisdiction to cases "of actual controversy" and a finding that no controversy exists would justify granting a motion to dismiss under Fed. R. Civ. P. 12(b)(6). 28 U.S.C. § 2201; *Robin Prod. Co. v. Tomecek*, 465 F.2d 1193 (6th Cir. 1972). This requirement is satisfied in the pending action.

A two part test is used to determine whether an actual controversy exists: "(1) has the defendant's conduct created a real and reasonable apprehension of liability on the part of the plaintiff, and (2) has the plaintiff engaged in a course of conduct which has brought it into adversarial conflict with the defendant." *Starter Corp. v. Converse, Inc.*, 84 F.3d 592, 594 (2d Cir. 1996).

The first prong of this test is satisfied as Defendant alleges misrepresentation, fraud, and failure to cooperate in its declaratory judgment action against Plaintiff, and Defendant seeks the recovery of attorney's fees.[3] Defendant's request for attorney's fees creates an apprehension of liability on the part of Plaintiff. The second prong of this test is also satisfied as the parties are in

---

parallel to the federal litigation. *Id.* at 997-98. Since there is no pending state court action, the *Detco* factors are inapplicable to Motion pending before the Court.

[3] According to Mo. Rev. Stat. § 527.100, a "court may make such award of costs as may seem equitable and just" in a declaratory judgment action. *Employers Mut. Cas. Co. v. Tavernaro*, 21 F. Supp 2d 1039 (E.D. Mo. 1998). In order to determine if attorneys' fees are equitable and just, "special circumstances" must exist to provide for these costs. *Id.*; *Bernheimer v. First Nat'l Bank of Kansas City*, 223 S.W.2d 745 (Mo. 1949). Under Missouri law, "[a] defrauded party may recover special damages necessarily incurred solely by reason of the fraud." *In re Usery*, 123 F.3d 1089, 1096 (8th Cir. 1997). Defendant has pled fraud in its counterclaim for declaratory judgment, and may recover attorneys fees if judgment is rendered in its favor.

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

adversarial conflict. The parties are in adversarial conflict due to Plaintiff's course of conduct, specifically, Plaintiff's loss claim. The Declaratory Judgment Act extends jurisdiction over this action as an "actual controversy" exists, and dismissal on this basis is not appropriate. *See* 28 U.S.C. § 2201

### B. SUFFICIENT FACTUAL ALLEGATIONS

Additionally, an action for a declaratory judgment must be dismissed where "it appears beyond doubt that the [Defendant] can prove no set of facts in support of" a claim entitling him or her to relief. *Breedlove*, 140 F.3d at 799. When considering whether to grant this Motion, the Court must assume that all allegations in the Counterclaim are true and must construe the pleadings in the light most favorable to Defendant. *Chambers v. St. Louis City.*, 247 F.App'x 846, 848 (8th Cir. 2007) (*citing Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995)).

"While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant 'set out in *detail* the facts upon which he basis his claim,' Rule 8(a)(2) still requires a 'showing' rather than a blanket assertion of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 n.3 (2007) (emphasis in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "[A defendant's] obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal citations and quotations omitted). While a court accepts factual allegations as true, it must "reject conclusory allegations of law and unwarranted inferences." *Silver v. H&R Block, Inc.*, 105 F.3d 394, 397 (8th Cir. 1997). Factual allegations must "raise a right to relief above the speculative level." *Bell Atl. Corp.*, 127 S. Ct. at 1959.

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

In this action for a declaratory judgment, Defendant has satisfied the pleading requirements under the Federal Rules of Civil Procedure. *Bell Atl. Corp.*, 127 S. Ct. at 1959; 10 Fed. Proc., L. Ed. § 23:53. Plaintiff does not allege that the pleading is insufficient, but had that argument been raised, it would fail as Defendant has pled factual allegations that "raise a right to relief above the speculative level." *Bell Atl. Corp.*, 127 S. Ct. at 1959. Dismissal of Defendant's declaratory judgment action is not appropriate under Fed. R. Civ. P. 12(b)(6).

**III.   MOTION TO STRIKE, OR FOR A MORE DEFINITE STATEMENT**

Plaintiff claims that Defendant's Affirmative Defenses C, D, E, F and G fail to give Plaintiff notice of the theory and facts upon which Defendant relies, and asks the Court to strike these affirmative defenses under Fed. R. Civ. P. 12(f). The affirmative defenses Plaintiff seeks to have stricken are:

- Affirmative Defense C, which declares that "Plaintiff is not entitled to recover in that Plaintiff's claimed damages are not covered, limited in coverage, or excluded under the terms, conditions, and exclusions of the insurance policy, including [the Fraud Warning section of the insurance policy].
- Affirmative Defense D, which states that "Plaintiff is barred from further recovery and there is no further coverage under the Policy because Plaintiff has failed to show the damaged property to Defendant FAMI, protect the property from further damage, make reasonable and necessary repairs to protect the property, keep an accurate record of repair expenses, submit inventory forms with supporting documentation showing the actual cash value of personal property claimed, failed to submit to an Examination under Oath, failed to produce relevant documents to her claim, and further in claiming damages to property to which there is no coverage, and otherwise has failed to cooperate with Defendant FAMI during its investigation, and, as such, Plaintiff has breached the [terms in the Fraud Warning section of the insurance policy] and the above-referenced exclusions apply."
- Affirmative Defense E, in which Defendant asserts "that Plaintiff is not entitled to recover in that Plaintiff is in material breach of the terms and conditions of the policy."
- Affirmative Defense F, which claims "that Plaintiff failed to mitigate her damages."
- Affirmative Defense G, in which Defendant "reserves the right to raise any additional defenses during the course of litigation."

5

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

In the alternative, Plaintiff asks that Defendant be ordered to submit a more definite statement of these defenses, disclosing the theories and facts Defendant relies upon.

Fed. R. Civ. P. 12(f) grants the Court the power to "strike from a pleading an insufficient defense." However, this power is to be used cautiously as a defense should not be struck if it is "sufficient as a matter of law" or "presents a question of law or fact which the court ought to hear." *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977). While the purpose of pleading an affirmative defense is to provide a plaintiff with notice and avoid surprise, under Fed. R. Civ. P. 8(c), Defendant is required to "plead only affirmative defenses, not evidence" or facts. *Venters v. City of Delphi*, 123 F.3d 956 (7th Cir. 1997); *Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 156 (4th Cir. 1995); Fed. R. Civ. P. 8(c).

Plaintiff has presented no evidence that these affirmative defenses are not "sufficient as a matter of law" and Plaintiff's Motion must be denied. *Lunsford*, 570 F.2d at 229. While Plaintiff may desire that more facts be provided in Defendant's affirmative defenses, the pleading requirements for affirmative defenses simply do not require a statement of the facts necessary to support the affirmative defense.

In the alternative, Plaintiff requests that this Court require Defendant to provide a more definite statement of Affirmative Defenses C, D, E, F and G. The Federal Rules of Civil Procedure allow parties to "move for a more definite statement of a pleading to which a responsive pleading is allowed." Fed. R. Civ. P. 12(e); *Gabauer v. Woodcock*, 594 F.2d 662, 665 (8th Cir. 1979).

These Affirmative Defenses were raised in Defendant's Answer, and a plaintiff many not reply to an answer as a matter of right. *See* Fed. R. Civ. P. 7(a)(7) (plaintiff may only file a reply

6

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

to an answer "if the court orders one"). Other than replying to a counterclaim, "a reply to an answer ordinarily is unnecessary and improper in federal practice." 5 Fed. Prac. & Proc. Civ.3d § 1185. The Court has not granted Plaintiff leave to reply to the answer and affirmative defenses, and so no responsive pleading is allowed under Fed. R Civ. P. 12(e). *See Wilhelm v. TLC Lawn Care, Inc.*, 2008 WL 474265, at *2 (D. Kan. Feb. 19, 2008); *Travelers Indem. Co. of Conn. v. Presbyterian Healthcare Res.*, 313 F. Supp 2d 648, 653 (N.D. Tex. 2004). For this reason, the Court will deny Plaintiff's request for a more definite statement.

Accordingly,

**IT IS HEREBY ORDERED** that the Plaintiff's Motion to Dismiss Counterclaim for Declaratory Judgment [doc. #5] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Defendant's Answer Affirmative Defenses, or, Alternatively, Motion for a More Definite Statement of Defendant's Answer Affirmative Defenses [doc. #8] is **DENIED**.

So Ordered this <u>27th</u> day of <u>March,</u> 2008.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com