UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| DEBBIE L. WELLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:07CV00036 ERW |
| | ) | |
| FARMERS ALLIANCE MUTUAL | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion to Compel Discovery [doc. #25]. A hearing was held on February 9, 2009, and the Court heard arguments from the parties on the Motion.

Debbie Wells ("Plaintiff") asks that the Court compel Farmers Alliance Mutual Insurance Company ("Defendant") to respond to several discovery requests. Plaintiff asserts that Defendant waived their objections because they were not timely filed. The objections were not timely filed due to an address error, and the Court does not agree that Defendant's objections should be waived as a result of this error.

Defendant asserts that it should not be required to respond to Plaintiff's requests concerning Defendant's financial information because it is not relevant and not timely under Missouri law. *See* Mo. Rev. Stat. § 510.263. The Court disagrees. One of Plaintiff's claims is for fraudulent misrepresentation, and punitive damages are available for this claim. *See Martha's Hands, LLC v. Starrs*, 208 S.W.3d 309 (Mo. Ct. App. 2006). As a result, this information is clearly relevant. *State ex rel. Newman v. O'Malley*, 54 S.W.3d 695, 696 (Mo. Ct. App. 2001). Additionally, "[d]iscovery in federal court is governed by the Federal Rules of Civil Procedure,

regardless of whether federal jurisdiction is based on federal question or diversity of citizenship." *Bonanno v. Quizno's Franchise Co.*, 2009 WL 137211, at *3 (D. Colo. January 20, 2009); *see also Lohmann v. Citicorp Mortg., Inc.*, 1997 WL 34626386, at *1 (E.D. Mo. April 10, 1997).

Defendant also asserts that it should not be required to respond to Plaintiff's requests concerning prior judgments. Plaintiff seeks prior punitive, bad faith, and vexatious damages judgments entered against Defendant over the past 19 years. The Court agrees with Defendant that this request is overly broad. However, Defendant must answer this request and provide Plaintiff with information on all prior judgments over the last ten years. Due to approaching deadlines in this action, the Court believes that these discovery requests are best resolved through Plaintiff's Requests for Production, and will order Defendant to answer these discovery requests within a shortened response time.

**ACCORDINGLY,**

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Discovery [doc. #25] is **GRANTED, in part,** and **DENIED, in part.** Defendant must respond to Plaintiff's First Production Requests 18, 19, 20, 21, and 22 on or before **February 16, 2009**. Additionally, Defendant must respond to Plaintiff's First Production Requests 15 and 16 with all judgments within the last ten years on or before **February 16, 2009**.

So Ordered this 11th Day of February, 2009.

_E. Richard Webber_
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE