UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHEASTERN DIVISION

| | |
|---|---|
| DEBBIE L. WELLS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:07CV00036 ERW |
| ) | |
| FARMERS ALLIANCE MUTUAL ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant . ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion in Limine #1 [doc. #68], Plaintiff's Motion in Limine #2 [doc. #69], Plaintiff's Motion in Limine #3 [doc. #70], Plaintiff's Motion in Limine #4 [doc. #71], Plaintiff's Motion in Limine #5 [doc. #72], Plaintiff's Motion in Limine #6 [doc. #73], Defendant's Motion in Limine to Exclude Expert Testimony of Dennis Zumsteg [doc. #78], Defendant's Motion in Limine to Exclude Evidence of Plaintiff Debbie Wells' Alleged Disabilities and Illnesses [doc. #79], Defendant's Motion in Limine to Exclude the Testimony of George Dothage [doc. #80], Defendant's Motion in Limine to Exclude Joseph Caulfield from Testifying as Expert [doc. #81], Defendant's Motion in Limine to Exclude the Testimony of Robert Porter [doc. #82], Defendant's Motion in Limine to Exclude Information Pertaining to Reserves [doc. #83] and Defendant's Motion in Limine to Exclude Opinion Testimony Regarding the Severity of Weather [doc. #84].

A pretrial conference was held on May 15, 2009, and the Court heard arguments from the Parties on these Motions. "The denial of a motion in limine does not generally preserve error for appellate review." *Spencer v. Young*, 495 F.3d 945, 949 (8th Cir. 2007). The Court is willing to reconsider the decisions enumerated below, and as a result this is not a definitive ruling, and an

objection must be made "to preserve a claim of error for appeal." *Olson v. Ford Motor Co.*, 481 F.3d 619, 629 (8th Cir. 2007).

I. **PLAINTIFF'S MOTION IN LIMINE #1 [doc. #68]**

In this Motion, Plaintiff asks that Defendant be barred from mentioning her October 15, 1991 felony conviction for insurance fraud. The Court performed an analysis under Fed. R. Evid. 403, and finds that the evidence would be relevant, however, the probative value is outweighed by prejudicial effect, and this objection will be sustained. *See* Fed. R. Evid.. 609(b). The Court's analysis would likely have been to the contrary if Count II of Plaintiff's Complaint, for vexatious refusal to pay, was still extant.

II. **PLAINTIFF'S MOTION IN LIMINE #2 [doc. #69]**

In this Motion in Limine, Plaintiff asks that Defendant be barred from presenting evidence of any fraudulent misrepresentation in her insurance application. Plaintiff asserts that she was given insufficient notice of this defense. Plaintiff raised this same argument in response to Defendant's Motion for Summary Judgment, and the Court found that Plaintiff was put on notice of this defense in Defendant's Answer, and stated that she could not now claim prejudice. As a result, this Motion will be overruled.

III. **PLAINTIFF'S MOTION IN LIMINE #3 [doc. #70]**

This Motion is related to Plaintiff's Motion in Limine #2, but in this Motion, Plaintiff specifically seeks to bar Carol Neimeyer from testifying that she either would not have issued the policy or would have change the insurance premium charged if she had known of Plaintiff's misrepresentation. The Court will sustain this Motion because this testimony would be speculative.

## IV. PLAINTIFF'S MOTION IN LIMINE #4 [doc. #71]

In Motion in Limine #4, Plaintiff asks that the Court prohibit Defendant's witnesses from presenting evidence on the value of Plaintiff's property. The Court overrules Plaintiff's Motion. In this ruling, the Court does not suggest that persons giving valuation testimony will not be required to demonstrate their knowledge of facts which would permit them to opine on the value of Plaintiff's property.

## V. PLAINTIFF'S MOTION IN LIMINE #5 [doc. #72]

In Motion in Limine #5, Plaintiff asks that the Court prohibit Defendant's witness Wes Wright from presenting evidence on the value of Plaintiff's property. At the hearing on these Motions, defense counsel stated that Mr. Wright would not be giving testimony on valuation of property. As a result, this motion is sustained.

## VI. PLAINTIFF'S MOTION IN LIMINE #6 [doc. #73]

Plaintiff asks that Defendant be barred from introducing evidence that Plaintiff's property had a value less than the insurance policy's value. The Court declines to make an in limine ruling on this issue, and will wait to hear the evidence that is presented at trial.

## VII. DEFENDANT'S MOTION IN LIMINE: DENNIS ZUMSTEG [doc. #78]

Defendant asks that the Court exclude the testimony of Dennis Zumsteg. Plaintiff seeks to introduce this individual as an expert witness. The Court is aware of its gate keeping role to exclude evidence that is neither relevant nor reliable. See Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Furthermore, any person testifying as an expert must be qualified based on knowledge of sufficient facts or data that "fit" the particular case, practice reliable principles and methods, and apply them to the facts of the case. Fed. R. Evid. 702. At this stage, the Court is unable to determine whether Dennis Zumsteg is qualified to

give relevant testimony, but will permit Plaintiff the opportunity at trial to qualify the witness as an expert.

## VIII. DEFENDANT'S MOTION IN LIMINE: PLAINTIFF'S HEALTH [doc. #79]

The Court would expect Plaintiff to be entitled to testify that she has been diagnosed with multiple sclerosis. No further testimony concerning that diagnosis will be permitted. To the extent she claims that she is dehabilitated by that or any other disease, such that she was unable to meet with Defendant's adjuster at her home, she will be permitted to testify in that regard, and the jury will weigh her credibility.

## IX. DEFENDANT'S MOTION IN LIMINE: GEORGE DOTHAGE [doc. #80]

The Court is aware of its gatekeeping role to exclude evidence that is neither relevant nor reliable. See Fed. R. Evid. 702. *Daubert*, 509 U.S. 579. Furthermore, any person testifying as an expert must be qualified based on knowledge of sufficient facts or data that "fit" the particular case, practice reliable principles and methods, and apply them to the facts of the case. Fed. R. Evid. 702. At this stage, the Court is unable to determine whether George Dothage is qualified to give relevant testimony, but will permit Plaintiff the opportunity at trial to qualify the witness as an expert. Additionally, evidence was presented at the hearing that Joseph Caulfield acted as a scribe. To the extent Plaintiff attempts to elicit any expert's conclusions from Joseph Caulfield, they will be rejected.

## X. DEFENDANT'S MOTION IN LIMINE: JOSEPH CAULFIELD [doc. #81]

Joseph Caulfield is expected to provide testimony based only on his personal observations. The Court understands that he is not being offered as an expert witness, and in the event that he is proffered as an expert witness, he must first be qualified under Fed. R. Evid. 702.

## XI. DEFENDANT'S MOTION IN LIMINE: ROBERT PORTER [doc. #82]

The Court will review the deposition designations and counter designations of the deposition transcript of Robert Porter, and rule at the trial as to whether the testimony is admissible.

## XII. DEFENDANT'S MOTION IN LIMINE: RESERVES [doc. #83]

The Court concludes that this motion will be sustained as a matter of law. The Court is not persuaded that Plaintiff's explanation is supported by law.

## XII. DEFENDANT'S MOTION IN LIMINE: SEVERITY OF WEATHER [doc. #84].

The Court would expect to allow evidence by witnesses who observed the volume of ice and snow on general atmospheric conditions. However, any evidence of media coverage will likely be excluded.

## XIII. OBJECTIONS

At the hearing, Defense counsel referred to one of the pretrial objections that has been filed in this action. Defendant asserts that Plaintiff has named witnesses that have not previously been disclosed in this litigation. The Court notes that it is unlikely that witnesses undisclosed heretofore by Plaintiff will be permitted to testify, but the Court will reserve ruling on these objections until trial.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion in Limine #1 [doc. #68] is **SUSTAINED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Limine #2 [doc. #69] is **OVERRULED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Limine #3 [doc. #70] is **SUSTAINED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Limine #4 [doc. #71] is **OVERRULED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Limine #5 [doc. #72] is **SUSTAINED.**

**IT IS FURTHER ORDERED** that the Court will abstain from issuing a ruling on Plaintiff's Motion in Limine #6 [doc. #73].

**IT IS FURTHER ORDERED** that Defendant's Motion in Limine to Exclude Expert Testimony of Dennis Zumsteg [doc. #78] is **OVERRULED.**

**IT IS FURTHER ORDERED** that Defendant's Motion in Limine to Exclude Evidence of Plaintiff Debbie Wells' Alleged Disabilities and Illnesses [doc. #79] is **SUSTAINED, in part,** and **OVERRULED, in part.**

**IT IS FURTHER ORDERED** that Defendant's Motion in Limine to Exclude the Testimony of George Dothage [doc. #80] is **OVERRULED.**

**IT IS FURTHER ORDERED** that Defendant's Motion in Limine to Exclude Joseph Caulfield from Testifying as Expert [doc. #81] is **SUSTAINED.**

**IT IS FURTHER ORDERED** that the Court will abstain from issuing a ruling on Defendant's Motion in Limine to Exclude the Testimony of Robert Porter [doc. #82].

**IT IS FURTHER ORDERED** that Defendant's Motion in Limine to Exclude Information Pertaining to Reserves [doc. #83] is **SUSTAINED.**

**IT IS FURTHER ORDERED** that Defendant's Motion in Limine to Exclude Opinion Testimony Regarding the Severity of Weather [doc. #84] is **SUSTAINED, in part,** and **OVERRULED, in part.**

Dated this 15th Day of May, 2009.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE