UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

DEBBIE L. WELLS,                    )
                                   )
        Plaintiff,                  )
                                   )
    vs.                            )          Case No. 2:07CV00036 ERW
                                   )
FARMERS ALLIANCE MUTUAL             )
INSURANCE COMPANY,                  )
        Defendant.                  )

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant's Petition for Further Relief Pursuant to

28 U.S.C. § 2202 [doc. #119], Defendant's Motion for Bill of Costs [doc. #120], Defendant's

Motion for Attorneys' Fees and Expenses [doc. #121] and Plaintiff's Motion for New Trial [doc.

#129].  A hearing was held on August 28, 2009, and the Court heard arguments from the Parties

on doc. #119.

## I.    BACKGROUND

On November 8, 2006, Farmers Alliance Mutual Insurance Company ("Defendant") issued

a County Home Policy, policy number CHM 1331159 ("Policy") to Debbie Wells ("Plaintiff"),

with a policy period of November 8, 2006 through November 8, 2007.  The Policy was to insure

against certain risks that may occur at Plaintiff's principal residence located at 10 Caulfield Lane,

Montgomery City, MO ("Property").

Plaintiff claims that from November 30, 2006 through January 21, 2007, certain structures

and personal property located on the Property were damaged.  After inspecting the property,

Defendant advanced Plaintiff two checks totaling $6,648.86 for Plaintiff's claim of damages.  The

second check was dated May 9, 2007, and the letter that accompanied the check stated,

"[e]nclosed is a check in the amount of $2,198.78 as full payment for damages to the pool enclosure. This is based on our estimate in conjunction with the engineering report; copies of which you have been provided." Plaintiff did not deposit the second check, but did deposit the first check, which contained funds totaling $4,450.08.

On August 2, 2007, Defendant sent a letter to Plaintiff, scheduling her for an examination under oath on August 31, 2007, and requesting that she produce documents and records at that examination. Plaintiff filed this lawsuit on August 3, 2007, and did not appear to testify at the examination under oath on August 31, 2009, and she did not provide Defendant with the documents and records Defendant requested she produce.

The Policy details requirements that policy-holders must satisfy after loss events. For example, they must provide Defendant with any requested "records and documents" and must also submit "to examination under oath, while not in the presence of any other 'insured,' and sign the same." Additionally, the Policy declares that "[n]o action can be brought unless the policy provisions have been complied with and the action is started within ten years after the date covering the loss."

In her Complaint, Plaintiff sought to recover from Defendant for breach of contract, vexatious refusal to pay and fraudulent misrepresentation. Defendant filed a counterclaim seeking a declaratory judgment. Defendant filed a motion dismiss Plaintiff's claim for fraudulent misrepresentation, and this claim was dismissed by the Court in a Memorandum and Order dated May 4, 2009. Immediately prior to trial, Plaintiff voluntarily dismissed her claim for vexatious refusal to pay. A jury trial was concluded on May 30, 2009 over Plaintiff's claim of breach of contract and Defendant's claim for a declaratory judgment. The jury's verdict found for

Defendant on Plaintiff's claim for breach of contract. Additionally, the jury answered "yes' to all of the questions in Jury Instruction 15, finding that:

**Question 1**   Do you find that the plaintiff failed to use all reasonable means to save and preserve the property at and after the time of the loss, and defendant was thereby prejudiced?

**Question 3**[1]   Do you find that plaintiff and/or her agent(s) intentionally concealed or misrepresented any material fact or circumstance relating to the insurance at any time?

**Question 4**   Do you find that plaintiff and/or her agent(s) intentionally concealed or misrepresented any material fact or circumstances concerning the value, existence or age of any of the subject personal property at any time?

**Question 5**   Do you find that plaintiff and/or her agent(s) intentionally concealed or misrepresented any material fact or circumstance concerning the value of the pool enclosure at any time?

**Question 6**   Do you find that plaintiff and/or her agent(s) engaged in any fraudulent conduct relating to the insurance at any time?

**Question 7**   Do you find that plaintiff and/or her agent(s) made false statements relating to the insurance claim at any time?

**Question 8**   Do you find that plaintiff and/or her agent(s) did not prepare an inventory of damaged personal property showing the quantity, description, actual cash value and amount fo loss and did not attach all bills, receipts and related documents that justify the figures in the inventory, and defendant was thereby prejudiced?

**Question 9**   Do you find that plaintiff and/or her agent(s) did not show the damaged property when requested by the defendant, and defendant was thereby prejudiced?

**Question 10**   Do you find that plaintiff and/or her agent(s) did not provide the defendant with records and documents when requested by the defendant, and defendant was thereby prejudiced?

**Question 11**   Do you find that plaintiff did not submit to an examination under oath, and defendant was thereby prejudiced?

**Question 12**   Do you find that plaintiff and/or her agent(s) failed to cooperate in the investigation of the claim, and defendant was thereby prejudiced?

**Question 13**   Do you find that plaintiff and/or her agent(s) intentionally concealed or misrepresented any material fact or circumstance on the application for insurance?

**Question 14**   Do you find that plaintiff and/or her agent(s) made false statements on the application for insurance?

**Question 15**   Do you find that plaintiff and/or her agent(s) failed to fully comply with all of the terms, conditions, and provisions of the insurance policy, and defendant was thereby prejudiced?

**Question 16**   Do you find that plaintiff and/or her agent(s) brought this lawsuit against the defendant without complying with all of the provisions of the insurance policy?

---

[1] There was no question 2.

The Court subsequently entered a Judgment dated May 30, 2009. This Judgment stated that "on the claim of Plaintiff Debbie Wells against Defendant Farmers Alliance Mutual Insurance Company for breach of the insurance contract, the jury finds in favor of Defendant Farmers Alliance Insurance Company." It was later brought to the Court's attention that no judgment had been entered on Defendant's counterclaim. On July 13, 2009, an Amended Judgment was entered. The Amended Judgment stated that the jury found in favor of Defendant on Plaintiff's claim for breach of the insurance contract, and also stated "that on the counterclaim of Defendant Farmers Alliance Insurance Company against Plaintiff Debbie Wells for declaratory judgment, judgment is entered by the Court in favor of Defendant Farmers Alliance Insurance Company."

Currently pending before the Court are Plaintiff's Motion for New Trial, Defendant's Petition for Further Relief Pursuant to 28 U.S.C. § 2202, Defendant's Motion for Bill of Costs and Defendant's Motion for Attorneys' Fees and Expenses. The Court will address each motion separately.

## II.    PLAINTIFF'S MOTION FOR NEW TRIAL

### A.    *LEGAL STANDARD*

Plaintiff asks the Court for a new trial pursuant to Fed. R. Civ. P. 59. "A new trial is appropriate when the first trial, through a verdict against the weight of the evidence, an excessive damage award, or legal errors at trial, resulted in a miscarriage of justice." *Gray v. Bicknell*, 86 F.3d 1472, 1480 (8th Cir. 1996). A new trial should be granted where "the jury quite clearly reached a seriously erroneous result in spite of the clear weight of the evidence." *Leichihman v. Pickwick Intern.*, 814 F.2d 1263, 1267 (8th Cir. 1987). The key question for the Court to consider is whether a new trial is necessary "to avoid a miscarriage of justice." *McKnight v. Johnson Controls*, 36 F.3d 1396, 1400 (8th Cir. 1994). Additionally, Fed. R. Civ. P. 61 is

instructive on this topic. This Rule states that "[u]nless justice requires otherwise, no error in admitting or excluding evidence - - or any other error by the court or a party - - is ground for granting a new trial." "[T]he court must disregard all errors and defects that do not affect any party's substantial rights." Fed. R. Civ. P. 61.

## B.      DISCUSSION

In this Motion, Plaintiff raises several grounds for relief; (1) the Court erred in failing to strike Defendant's affirmative defenses, (2) the Court erred in not granting judgment on Defendant's affirmative defense of insurance application fraud, (3) the Court erred in not granting judgment on Defendant's fraud and concealment affirmative defense, (4) the Court erred in giving Jury Instruction 10, (5) the Court erred in giving Jury Instruction 11, (6) the Court erred in giving Jury Instruction 12, (7) the Court erred because the jury instructions as a whole were prejudicially erroneous, and (8) the Court erred in failing to admit Plaintiff's Exhibit 200. The Court will address each argument separately.

### 1.      Affirmative Defenses[2]

Plaintiff first asserts that the Court erred in failing to grant Plaintiff's motion to strike Defendant's affirmative defenses.[3] Specifically, Plaintiff states that the Court should have dismissed these affirmative defenses because Defendant failed to plead that it was prejudiced, which Plaintiff asserts is an essential element of these defenses. The Court has reviewed the cases upon which Plaintiff relies, and they do not support Plaintiff's argument. While prejudice is an

---

[2] Under this subheading, Plaintiff claims that Defendant did not give proper notice of its application fraud affirmative defense. This claim is raised more specifically in the next section, and the Court will address this argument below.

[3] Plaintiff also asked that these defenses be dismissed in her motion for summary judgment, however, she does not assert the denial of this motion as the basis for a new trial.

element of these defenses, defenses are acceptable as long as they are either "sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear." *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977). The defenses, as pled by Defendant, were sufficient as a matter of law, and they presented a question of law to the Court. The Court's decision to not dismiss these defenses was not in error, and a new trial will not be ordered on this basis. *See Gray v. Bicknell*, 86 F.3d 1472, 1480 (8th Cir. 1996).

## 2.    *Insurance Application Fraud*

Plaintiff claims that the Court erred in not granting Plaintiff's motions for judgment at the close of Defendant's case in chief and at the close of all the evidence on Defendant affirmative defense of application fraud.[4] Plaintiff states that judgment should have been granted because the defense wasn't sufficiently pled or disclosed, and Plaintiff was not on reasonable notice that Defendant was asserting application fraud. This argument was rejected by the Court in its order on Plaintiff's motion for summary judgment.

Numerous affirmative defenses are raised in the Answer Defendant submitted to the Court. Affirmative Defense C states that Plaintiff is not entitled to recover because Plaintiff's damages are not covered due to the terms of the policy. The defense then copies verbatim relevant passages of the policy, beginning with the Fraud Warning section which states that filing "an application for insurance containing any materially false information . . . commits a fraudulent insurance act." Affirmative Defense C also contains a provision from the Policy that states:

. . . we provide no coverage for loss under Section I - Property Coverages if, whether

---

[4] Plaintiff also states these same arguments impact Defendant's counterclaim for application fraud. Defendant did not file a counterclaim for application fraud. Defendant's sole counterclaim was for a declaratory judgment.

before or after a loss, one or more "insureds" have:
(1) Intentionally concealed or misrepresented any material fact or
circumstance;
(2) Engaged in fraudulent conduct; or
(3) Made false statements;
relating to this insurance.

In Affirmative Defense E, Defendant states that "Plaintiff is not entitled to recover in that Plaintiff

is in material breach of the terms and conditions of the policy, including those set forth in

Paragraph C of Defendant's Affirmative Defenses."

These defenses and provisions from the Policy are repeated in Defendant's response to

each of Plaintiff's individual claims. It is clear that Plaintiff was put on notice of this defense in

the Answer. The Court's denial of Plaintiff's motions for judgment at the close of Defendant's

case in chief and at the close of all the evidence on Defendant affirmative defense of application

fraud was not in error, and no new trial will be granted.

**3.      *Defendant's Fraud and Concealment Affirmative Defense***

Plaintiff claims that the Court erred in not granting Plaintiff's motions for judgment at the

close of Defendant's case in chief and at the close of all the evidence on Defendant's fraud and

concealment affirmative defense. Under Affirmative Defense C, Defendant included a provision

from the Policy stating:

**2.     Concealment or Fraud**
. . . we provide no coverage for loss under Section I - Property Coverages if, whether
before or after a loss, one or more "insureds" have:
(1) Intentionally concealed or misrepresented any material fact or
circumstance;
(2) Engaged in fraudulent conduct; or
(3) Made false statements;
relating to this insurance.

Plaintiff was certainly on notice of this defense, and it was not error for it to have been presented

to the jury. Additionally, Plaintiff asserts that insufficient evidence was presented on this defense

for the jury to have found for Defendant. A new trial should be granted where "the jury quite clearly reached a seriously erroneous result in spite of the clear weight of the evidence." *Leichihman v. Pickwick Intern.*, 814 F.2d 1263, 1267 (8th Cir. 1987). The verdict in this case was not contrary to the clear weight of the evidence, and sufficient evidence was presented by Defendants related to this affirmative defense for the jury's verdict on questions 3, 4, 5, 6, and 7 in Jury Instruction 15.

**4.     Jury Instruction 10**

Next, Plaintiff asserts that the Court erred in giving Jury Instruction 10. Jury Instruction 10 stated:

> Your verdict must be for Defendant Farmers Alliance Insurance Company if you believe any one or more of the following:
> Plaintiff Debbie Wells and/or her agent(s) intentionally concealed or misrepresented any material fact or circumstance relating to the insurance at any time;
> or
> Plaintiff Debbie Wells and/or her agent(s) intentionally concealed or misrepresented any material fact or circumstance concerning the extent of damage, value, existence or age of any subject personal property at any time;
> or
> Plaintiff Debbie Wells and/or her agent(s) intentionally concealed or misrepresented any material fact or circumstance concerning the extent of damage or value of the swimming enclosure at any time;
> or
> Plaintiff Debbie Wells and/or her agent(s) engaged in any fraudulent conduct relating to the insurance at any time;
> or
> Plaintiff Debbie Wells and/or her agent(s) made false statements relating to the extent of damage or value of any claimed property or the insurance claim at any time.
> The term "material" as used in this instruction means it has some bearing on the subject matter.

Plaintiff assert this jury instruction was prejudicial error because it failed to require a jury finding on the element of prejudice to defendant, did not define legal terms of art, and did not require a jury finding on the specific acts or statements forming the basis for the defense. Additionally, Plaintiff states that representations concerning value are not actionable under Missouri law.

Plaintiff specifically asserts that the Court erred in failing to define "fraudulent conduct" in this Instruction. Missouri law states that courts "must define for the jury legal or technical terms occurring in the instructions . . . [but] need not define non-technical, readily understood words or commonly used words." *Rice v. Bol*, 116 S.W.3d 599, 609 (Mo. Ct. App. 2003) (citing *Brock v. Firemens Fund of Am. Ins. Co.*, 637 S.W.2d 824, 827 (Mo. Ct. App. 1982); *MFA Inc. v. Dettler*, 816 S.W.2d 658, 664 (Mo. Ct. App. 1991)). Fraud is readily understood and is not a technical legal term that is "not within the ken of the ordinary juror." *Rice*, 116 S.W.3d at 609 (quoting *Brock*, 637 S.W.2d at 827). As a result, it was not error to not define this term. Even if this was found to be error, a new trial would not be appropriate because it does not "affect any party's substantial rights." Fed. R. Civ. P. 61.

Plaintiff's allegations concerning value representations in this jury instruction fail because the Eighth Circuit has affirmed jury instructions applying Missouri law that directed verdict for the defendant if "plaintiff intentionally concealed or misrepresented to defendant any material fact or circumstance concerning the . . . value . . . of any of the subject contents, or the value of the subject building." *Cedar Hill Hardware and Const. Supply, Inc. v. Insurance Corp. of Hannover*, 563 F.3d 329, 340 (8th Cir. 2009). Additionally, jury instructions typically do not require jurors to indicate the exact representation or action by the Plaintiff that they relied upon in their verdict, and it was not an error to submit Jury Instruction 10 to the jury.[5] *See id.* This instruction does not misstate Missouri law, and it was supported by factual evidence. *Thornton v. First State Bank of Joplin*, 4 F.3d 650, 652 (8th Cir. 1993). It was properly submitted to the jury, and a new trial will not be granted on this basis.

---

[5] Plaintiff also raises this argument against Jury Instructions 11 and 12, and it fails for the same reasons as stated here.

## 5.      *Jury Instruction 11*

Plaintiff also states that the Court erred in giving Jury Instruction 11.  Jury Instruction 11

stated that:

> Your verdict must be for Defendant Farmers Alliance Mutual Insurance Company if
> you believe any one or more of the following:
> Plaintiff Debbie Wells and/or her agent(s) intentionally concealed or misrepresented
> any material fact or circumstance on the application or in the renewal for insurance;
> or
> Plaintiff Debbie Wells and/or her agent(s) made false statements on the application or
> in the renewal for insurance.
> As used in these instructions, a concealment or misrepresentation in the application
> is "material" if the fact concealed or misrepresented, if stated truthfully, might
> reasonably have influenced Farmers Alliance Mutual Insurance Company to accept
> or reject the risk or to have charged a different premium.

Plaintiff specifically asserts[6] that the Court erred in submitting this instruction to the jury because

it doesn't require a finding on the "prejudice" element.  There is no prejudice element to this

defense, because a finding that any of the above occurred voids the Policy *ab initio*.  This is based

on the contract terms, and prejudice to the Defendant is not required to be shown.

Plaintiff also asserts that this instruction is faulty because it does not define the term

"agent."  Plaintiff maintained at the trial that Joseph Caulfield was authorized to act as her agent

in her dealings with Defendant.  As a result, the term as it was used in the instruction was readily

understandable to the jurors, and did not need to be defined.  *See Rice*, 116 S.W.3d at 609.  Even

if the Court erred in not defining this term, a new trial would not be appropriate because it did not

"affect any party's substantial rights."  Fed. R. Civ. P. 61.  It is clear that this instruction does not

---

[6] Plaintiff also claims Jury Instruction 11 incorrectly asks the jury whether Plaintiff
"intentionally concealed or misrepresented any material fact or circumstance concerning the value
. . . of the subject personal property at any time."  Additionally, Plaintiff claims error because the
instruction doesn't define the term "fraudulent conduct." This language is not present in this
Instruction, and the Court will not address this argument.

misstate Missouri law, and it was supported by factual evidence. *Thornton*, 4 F.3d at 65. It was

properly submitted to the jury, and does not form the basis for a new trial.

**6.** *Jury Instruction 12*

Plaintiff claims that the Court erred in giving Jury Instruction 12. Jury Instruction 12

stated:

> Your verdict must be for Defendant Farmers Alliance Mutual Insurance Company
> if you believe any one or more of the following:
> *First,* either:
> Plaintiff Debbie Wells failed to use all reasonable means to save and preserve the
> property at and after the time and/or her agent(s) of the loss;
> or
> Plaintiff Debbie Wells and/or her agent(s) did not prepare an inventory of damaged
> personal property showing the quantity, description, age, actual cash value and
> amount of loss and did not attach all bills, receipts and related documents that
> justify the figures in the inventory;
> or
> Plaintiff Debbie Wells and/or her agent(s) did not show the damaged property
> when requested by the defendant;
> or
> Plaintiff Debbie Wells and/or her agent(s) did not provide the defendant with
> records and documents when requested by the defendant;
> or
> Plaintiff Debbie Wells did not submit to an examination under oath;
> or
> Plaintiff Debbie Wells and/or her agent(s) failed to cooperate in the investigation of
> the claim;
> or
> Plaintiff Debbie Wells and/or her agent(s) failed to fully comply with all of the
> terms, conditions, and provisions of the insurance policy;
> or
> Plaintiff Debbie Wells filed suit against Defendant Farmers Alliance Insurance
> Company without fully complying with all of the terms of the insurance policy
> and
> *Second,* defendant Farmers Alliance Mutual Insurance Company, in any one or
> more of the respects submitted in paragraph *First,* was thereby prejudiced.

Plaintiff first objects to this instruction on the basis that the Court failed to define the term "reasonable means."[7] The Court has not identified any cases from Missouri or the Eighth Circuit requiring that this term be defined. This term is not technical, and is readily understood by jurors. *Rice*, 116 S.W.3d at 609 (quoting *Brock*, 637 S.W.2d at 827). No definition was required, and a new trial will not be granted on this basis. This instruction does not misstate Missouri law, and it was supported by factual evidence. *Thornton*, 4 F.3d at 652.

### 7. *Jury Instructions as a Whole*

Plaintiff asserts that the jury instructions as a whole were prejudicially erroneous because they did not correct the prejudicial error that resulted from giving instructions 10, 11 and 12. As the Court discussed above, Jury Instructions 10, 11 and 12 were not in error, and as a result, this argument fails.

### 8. *Plaintiff's Exhibit 200*

Finally, Plaintiff asserts that the Court erred in failing to admit Plaintiff's Exhibit 200.[8] This exhibit was a tape recording Joseph Caulfield allegedly made of an inventory inspection with Mr. Hill and Mr. Lyon from Farmers Insurance that occurred on June 7, 2007. The existence of this tape, and the recording itself, were not disclosed to Defendant until immediately before trial. The Court permitted Plaintiff the opportunity to make an offer of proof, and stated that this exhibit would not be admitted.

Plaintiff's failure to disclose this recording in a timely manner violated Fed. R. Civ. P. 26. As a result of Plaintiff's failure to comply with the Federal Rules, the Court "has wide discretion

---

[7] Plaintiff also asserts the Court should have defined the terms "ordinary care" and "reasonable care," however, these terms do not appear in this instruction.

[8] Plaintiff also refers to this exhibit as Plaintiff's Exhibit 95.

to fashion a remedy or sanction as appropriate for the particular circumstances of the case . . . the district court should consider, *inter alia*, the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order or efficiency of the trial, and the importance of the information or testimony." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008) (internal citations omitted).

The Court's analysis of these factors demonstrates that excluding this recording was the proper remedy in this instance. Allowing this tape would have been highly prejudicial to Defendant. It was not disclosed until immediately before the trial, and as a result, Defendant did not have the opportunity to analyze the tape to determine whether the recording had been altered or tampered with in any respect. This recording was allegedly made almost two years prior to trial, and there was no reason for this delay. Additionally, the recording had very little importance as Joseph Caulfield was called as a witness and was able to testify on what occurred at this meeting. The Court did not error in excluding this exhibit. Justice does not require that a new trial be granted in this instance. *See* Fed. R. Civ. P. 61.

## III.    DEFENDANT'S PETITION FOR FURTHER RELIEF

In this Motion, Defendant asks that the Court grant further relief pursuant to 28 U.S.C. § 2202. This statute permits "[f]urther necessary or proper relief based on a declaratory judgment or decree . . . after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." 28 U.S.C. § 2202. Although Defendant initially claimed that it was owed $6,648.84, the Parties now agree that the proper sum is $4,450.08. The statute requires "reasonable notice and hearing" before relief may be granted under this statute. 28 U.S.C. § 2202; *see also Westport Ins. Corp. v Bayer*, 284 F.3d 489 (3d Cir. 2002). As a result, a

hearing was held on August 28, 2009. The Court finds that Defendant is entitled to further relief under this statute, and this Motion will be granted.

## IV.     DEFENDANT'S MOTION FOR BILL OF COSTS

In the Motion for Bill of Costs, Defendant requests that the Court tax costs against Plaintiff. "[C]osts  - - other than attorney's fees - - should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). Judgment has been entered on behalf of Defendant on Plaintiff's claim for breach of contract, and on Defendant's counterclaim for declaratory judgment. Defendant is therefore a prevailing party.

> A prevailing party is presumptively entitled to recover all of its costs . . . The losing party bears the burden of overcoming the presumption that the prevailing party is entitled to costs, meaning that the losing party must 'suggest a rational under which the district court's actions constitute an abuse of discretion.'

*168th and Dodge, LP v. Rave Review Cinemas, LLC*, 501 F.3d 945, 958 (8th Cir. 2007) (quoting *Janis v. Biesheuvel*, 428 F.3d 795, 801 (8th Cir. 2005)). The Court may not award costs that are not authorized by 28 U.S.C. § 1920 because this statute "imposes 'rigid controls on cost-shifting in federal courts.'" *Brisco-Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002) (quoting *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444-45 (1987)). Pursuant to 28 U.S.C. § 1920, costs may be taxed for:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copes are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation for interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  In their Motion, Defendant requests costs for fees for service of process, fees

paid to the court reporter, fees for witnesses and fees for copies.

## A.      FEES FOR SERVICE OF PROCESS

Defendant seeks fees for service of process in the amount of $10.  Plaintiff served the

Missouri Department of Insurance, Financial Institutions and Professional Registration, who then

billed Defendant $10 as their "fee for accepting service of process upon your company."  This

statute "imposes 'rigid controls on cost-shifting in federal courts.'"  *Brisco-Wade*, 297 F.3d at

782 (quoting *Crawford Fitting Co.*, 482 U.S. at 444-45).  The statute authorizes fees of the U.S.

Marshal for service of process, however, fees associated with the use of a special process server

or fees associated with accepting service on Defendant's behalf are not recoverable "because 28

U. S. C. § 1920 (1982) contains no provision for such expenses."  *Crues v. KFC Corp.*, 768 F.2d

230, 234 (8th Cir. 1985).

## B.      FEES OF THE COURT REPORTER

Defendant seeks $2,670.75 for fees of the court reporter.  The documentation attached to

this Motion demonstrate that these fees were incurred by Defendant in deposing Plaintiff, Greg

Dothage and Robert Porter, and obtaining copies of the depositions of Carol Niemeyer, Wes

Wright and Marv Anderson.  The Court "may tax as costs . . . [the f]ees of the court reporter for

all or any part of the stenographic transcript necessarily obtained for use in the case."  28 U.S.C. §

1920(2).  The Court must ask "whether the depositions reasonably seemed necessary at the time

they were taken."  *Zotos v. Lindberg Sch. Dist.*, 121 F.3d 356, 363 (8th Cir. 1997) (quoting

*Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1184 (Fed. Cir. 1996)).  The

Court's inquiry has demonstrated that these depositions were "necessarily obtained for use in the

case."  28 U.S.C. § 1920(2).

While the fees of the court reporter are properly requested as costs under this statute, the invoices submitted by Defendants indicate that the Defendants are seeking $20.00 in fees associated with a courier for the delivery of these transcripts. "Section 1920 does not authorize taxing [Plaintiffs] for the defendants' postage and delivery expenses." *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006) (citing *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996)). As a result, $20 will be deducted from the court reporting fees Defendants seek, and Plaintiffs will be taxed $2,650.75

## C.     FEES FOR WITNESSES

The witness fee specified under § 1920 is further defined in 28 U.S.C. § 1821. This statute provides:

(a)(1) Except as otherwise provided by law, a witness in attendance at any court of the United States . . . or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this section.

(b) A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.

(c)(1) A witness who travels by common carrier shall be paid for the actual expenses of travel on the basis of the means of transportation reasonably utilized and the distance necessarily traveled to and from such witness's residence by the shortest practical route in going to and returning from the place of attendance. Such a witness shall utilize a common carrier at the most economical rate reasonably available. A receipt or other evidence of actual cost shall be furnished.

(3) Toll charges for toll roads, bridges, tunnels, and ferries, taxicab fares between places of lodging and carrier terminals and parking fees (upon presentation of a valid parking receipt), shall be paid in full to a witness incurring such expenses.

(4) all normal travel expenses within and outside the judicial district shall be taxable as costs pursuant to 1920 of this title.

(d)(1) A subsistence allowance shall be paid to a witness when an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day.

(2) A subsistence allowance for a witness shall be paid in an amount not to exceed the maximum per diem allowance prescribed by the Administrator of General Services, pursuant to section 5702(a) of title 5, for official travel in the area of attendance by employees of the Federal Government.

28 U.S.C. § 1821. Defendant requests fees for witnesses in the amount of $8,656.76. The receipts attached to this Motion detail these expenses. Specifically, Defendant seeks $136.80 for Gary Miller's witness fee for trial, $6,703.31 for the time Carol Neimeyer, Glenn Hageman and Marv Anderson spent at their depositions and at trial, and $1,816.65 for deposition and trial expenses for Carol Neimeyer, Glenn Hagemann and Marv Anderson, including hotel costs, meals and transportation.

"A district court may award witness fees if it determines that the witness's testimony 'was crucial to the issues decided and the expenditures were necessary to the litigation.'" *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 763 (8th Cir. 2006) (quoting *Neb. Pub. Power Dist. v. Austin Power, Inc.*, 773 F.2d 960, 975 (8th Cir. 1985)). Plaintiff does not dispute that these witnesses' testimony was crucial to the issues presented at trial. Accordingly, Defendant's costs associated with securing these witnesses will be allowed. However, the costs Defendant seeks for each witness is greater than the $40 a day in witness fees that is permitted under 28 U.S.C. § 1821(b). It appears that Defendant is attempting to collect expert witness fees for these witnesses. Expert witness fees are not taxable. *Ekstam v. Ekstam*, 2007 WL 4565024, at *3 (E.D. Mo. Dec. 20, 2007). The deposition and trial appearances of these witnesses were limited to one day each, and only $240 in costs may be taxed to Plaintiff.

Additionally, Defendant requests $1,816.65 for hotel costs, meals and transportation for these witnesses, but provides no documentation to substantiate these expenses. *See Collins v. Missouri Elec. Cooperatives Employees Credit Union*, 2008 WL 5105129, at *2 (E.D. Mo. 2008). These costs will not be taxed for lack of documentation. *See id.* (citing *Morrissey v. County Tower Corp.*, 568 F.Supp. 980, 982 (E.D. Mo. 1983)).

## D.    FEES FOR COPIES

28 U.S.C. §1920 only provides for the taxation of fees for such a purpose only if the documents are "necessarily obtained for use in the case." 28 U.S.C. §1920(4). Defendants seek fees for $3,509.54 in copying expenses. Plaintiffs have not introduced any evidence that Defendants are not entitled to these fees, and they will be awarded. *168th and Dodge, LP*, 501 F.3d at 958. Plaintiff will be taxed $3,509.54 in fees for copies.

## V.    DEFENDANT'S MOTION FOR ATTORNEY'S FEES AND EXPENSES

Defendant states that it has incurred attorney's fees in the amount of $178,518.54 and expenses in the amount of $26,758.43 over the course of this litigation, and asks that the Court award these fees and expenses. Under the American Rule, "parties are required to pay their own attorney's fees unless an award of fees is authorized by statute." *Kelly v. Golden*, 352 F.3d 344, 352 (8th Cir. 2003). Missouri law states that "in any proceeding under sections 527.010 and 527.130 the court may make such award of costs as may seem equitable and just." Mo. Rev. Stat. § 527.100.

However, an "award of costs" does not automatically encompass attorney's fees. *See Washington University v. Royal Crown Bottling Co. of St. Louis*, 801 S.W.2d 458, 468 (Mo. Ct. App. 1990). "In a declaratory judgment action, the Missouri Supreme Court has held that attorneys' fees may be awarded as costs pursuant to Mo. Rev. Stat. § 527.100, where special circumstances exist." *Wiles v. Capitol Indem. Corp.*, 204 F.Supp. 1207 (E.D. Mo. 2002) (citing *Employers Mut. Cas. Co. v. Tavernaro*, 21 F.Supp.2d 1039, 1040 (E.D. Mo. 1998); *Bernheimer v. First Nat'l Bank of Kansas City*, 225 S.W.2d 745 (1949)).

As a result, the Court must first determine whether special circumstances permitting an award of attorney's fees exist in this instance. The special circumstances exception "is narrow and must be strictly applied." *DCW Enterprises, Inc. v. Terre du Lac Ass'n, Inc.*, 953 S.W.2d

127, 132 (Mo. Ct. App. 1997) (citing *Washington University*, 801 S.W.2d at 458). The Court, and the Parties, have identified three district court orders in which attorney's fees were permitted in a declaratory judgment action based upon fraud. *See Wiles v. Capitol Indem. Corp.*, 204 F.Supp.2d 1207 (E.D. Mo. 2002); *Allstate Ins. Co. v. Estes*, 118 F.Supp.2d 968 (E.D. Mo. 2000); *Employers Mut. Cas. Co. v. Tavernaro*, 21 F.Supp.2d 1039 (E.D. Mo. 1998).

The Court has reviewed these orders, and the case law upon which they rely, and the Court disagrees with the application of Missouri law. These orders rely upon each other, and *Miller v. Higgins*, 452 S.W.2d 121, 125 (Mo. 1970), as the sole basis for their assertion that fraud is a special circumstance permitting an award of attorney's fees. *Miller* does not provide support for the granting of attorney's fees in declaratory judgment actions, because *Miller* deals with claims for fraud and breach of contract. *Miller*, 452 S.W.2d at 122. Special damages, including attorney's fees, were awarded on the fraud claim because the plaintiff showed that the attorney's fees were incurred as a result of the fraud claim. *Id.* The fee award represented the amount expended by Plaintiff prior to the lawsuit to "mitigate damages and avoid future losses." *Id.* at 125 (citing *Myers v. Adler*, 176 S.W.538 (Mo. Ct. App. 1915)). A plaintiff's ability, in an action for fraud, to recover attorney's fees as special damages should not be relied upon as the basis for a special circumstance permitting attorney's fees in an action for declaratory judgment.

A review of Missouri court opinions on this subject demonstrates that a stricter standard is used by Missouri courts. Missouri courts have only found special circumstances:

> [I]n very limited fact situations, usually to award attorney's fees to a trust beneficiary who has successfully pursued litigation beneficial to the estate as a whole . . . . [Additionally, i]ntentional misconduct served as the basis for an attorney's fees award in a zoning case where the defendant purposefully omitted the plaintiff's name from a list of property owners so the plaintiff would not receive proper notice of a zoning application . . . [and another] court found 'special circumstances' existed because the plaintiff would not have incurred attorney's fees but for the defendant's intentional omission. The Supreme Court has also recognized that special circumstances may

arise if a defendant's conduct is frivolous, without substantial legal grounds, reckless, or punitive.

*Grewell v. State Farm Mut. Auto. Ins. Co.*, 162 S.W.3d 503, 507 (Mo. Ct. App. 2005) (internal citations omitted). "This exception is narrow [and] strictly applied." *Goellner v. Goellner Printing*, 226 S.W.3d 176, 179 (Mo. Ct App. 2007) (citing *Washington University*, 801 S.W.2d at 469). These circumstances that would permit an award of attorney's fees are not present in this action, and an award of attorney's fees is not appropriate.

In addition to attorney's fees, Defendant asks that the Court award $26,757.43[9] in expenses. This sum represents witness expenses, including travel expenses, and mediation expenses. Defendant seeks these costs under Mo. Rev. Stat. § 527.100. This statute does not specify what costs are permitted , and instead states that "the court may make such award of costs as may seem equitable and just." Mo. Rev. Stat. § 527.100. While this statute does not contain any specific limits on what costs may be awarded, Missouri courts that have considered similar statutes that do not delineate what costs are permitted have found that they do not authorize "expert witness expenses as costs." *McClue v. Epsten*, 492 S.W.2d 97, 98 (Mo. Ct. App. 1973); *see also Nichols v. Bossert*, 727 S.W.2d 211 (Mo. Ct. App. 1987). Additionally, the Court has not found any Missouri cases supporting an award of mediator fees as expenses under Mo. Rev. Stat. § 527.100, and this Motion will be denied in its entirety.


Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for New Trial [doc. #129] is **DENIED.**

---

[9] Defendant's Motion states that they are seeking expenses in the amount of $26, 758.43, however, the documentation attached to Defendant's Motion contains the sum $26,757.43.

**IT IS FURTHER ORDERED** that Defendant's Petition for Further Relief Pursuant to 28 U.S.C. § 2202 [doc. #119] is **GRANTED.** Plaintiff shall, within thirty days of the date of this Order, pay $4,450.08 to Defendant.

**IT IS FURTHER ORDERED** that the Defendant's Motion for Bill of Costs [doc. # 120] is **GRANTED, in part,** and **DENIED, in part.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall tax $6,400.29 against Plaintiff and in favor of Defendant, constituting $2,650.75 for court reporter fees, $240 in witness fees and $3,509.54 in fees for copies.

**IT IS FURTHER ORDERED** that Defendants' Motion for Attorneys' Fees and Expenses [doc. #121] is **DENIED.**

Dated this <u>28th</u> Day of <u>August</u>, 2009.


E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE