UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| DEBBIE WELLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:07CV0036 ERW |
| | ) | |
| FARMERS ALLIANCE MUTUAL INSURANCE COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Farmers Alliance Mutual Insurance Company's ("Defendant") Motion to Amend/Correct the Court's Memorandum and Order [doc. #139] and Plaintiff Debbie Wells' ("Plaintiff") Motion to Strike Defendant's Motion to Amend/Correct the Court's Memorandum and Order [doc. #142].

In its Memorandum and Order dated August 28, 2009 [doc. #134], the Court denied Defendant's Motion for Attorney Fees and Expenses [doc. #121]. In Defendant's Motion now before the Court, Defendant argues that the Court erred in refusing to award it those attorneys' fees and expenses and seeks relief in the form of an amended Order. Plaintiff contends in her Motion that this Court no longer has jurisdiction to make such an award because Plaintiff has timely filed her Notice of Appeal [doc. #136].

Plaintiff's Motion will be denied because the Court finds that it does have jurisdiction to consider Defendant's Motion. The filing of a notice of appeal divests the district court of jurisdiction over all matters that are the subject of the appeal. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *see also U.S. v. Queen*, 433 F.3d 1076, 1077 (8th Cir. 2006). Plaintiff has appealed the Court's Memorandum and Order denying Plaintiff a new trial

[doc. #134] and the Amended Clerk's Judgment [doc. #126], in which the jury found against Plaintiff on her claim for breach of contract and for Defendant on its action for a declaratory judgment. Because the award of attorneys' fees and expenses is not at issue in Plaintiff's appeal, the Court has jurisdiction to consider Defendant's Motion.

Defendant claims that the Court erred in not awarding it attorneys' fees and expenses because such costs are recoverable in declaratory judgment actions where "special circumstances" such as fraud or misrepresentation are present, and the jury found that Plaintiff did in fact defraud Defendant. Although the Court agrees with the proposition that fraud may make it appropriate for a court to award attorneys' fees, the existence of "special circumstances" is a threshold issue that makes an award of attorney fees and expenses *permissible*, but by no means does a finding of fraud make an award mandatory. *See, e.g.*, *Goralnik v. United Fire & Cas. Co.*, 240 S.W.3d 203, 210 (Mo. App. E.D. 2007) ("In an action under the Declaratory Judgment Act, attorneys' fees *may sometimes be recovered* as 'costs' if there are 'special circumstances.'") (emphasis added); MO. REV. STAT. § 527.100 (2002) ("In any proceeding under [the Missouri Declaratory Judgment Act,] the court may make such award of costs as may seem equitable and just.").

The default rule is, of course, that parties bear their own litigation costs, and trial courts have broad discretion in deciding whether to deviate from that principle. *Goralnik*, 240 S.W.3d at 210. The Missouri Supreme Court has noted two main situations in which appellate courts have approved awards of attorneys' fees by trial courts in declaratory judgment actions: (1) "where [the fees were] paid out of a *res* and the litigation was designed to benefit the *res* or give direction to the management or distribution thereof"; and (2) "where the natural and proximate result of a breach of duty is to involve the wronged party in collateral litigation." *David Ranken, Jr. Technical Inst. v. Boykins*, 816 S.W.2d 189, 193 (Mo. 1991) (internal citations omitted),

2

*overruled on other grounds*, *Alumax Foils, Inc. v. City of St. Louis*, 939 S.W.2d 907, 911 (Mo. 1997).

It is clear that Missouri courts have denied attorneys' fees "in cases of an improper tax assessment, when a defendant tendered a check on insufficient funds with an intent to defraud, when defendants tortiously conspired and threatened to wrongfully foreclose on notes and deeds of trust, and when defendants fraudulently concealed the existence of an outstanding deed of trust on a house." *Id.* (internal citations omitted). In *Goralnik*, the court noted that Missouri courts have resorted to the "equitable balancing of the benefits" required for an award of attorneys' fees only in "very unusual circumstances," meaning "unusual types of cases or extremely complicated cases." 240 S.W.3d at 213-14.

The Court concluded previously, and reaffirms now, that this is not the type of unusual case that warrants a deviation from the general rule. In terms of the fraud committed by Plaintiff, the Court sees little difference between this case and those cases set out by the *Ranken* court in which Missouri courts permissibly declined to award attorneys' fees. It is within the Court's discretion to determine whether to award attorneys' fees and expenses, and the Court has found that equitable considerations do not justify such an award.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Amend/Correct the Court's Memorandum and Order [doc. #139] and Plaintiff's Motion to Strike Defendant's Motion to Amend/Correct the Court's Memorandum and Order [doc. #142] are **DENIED**.

Dated this 29th Day of September, 2009.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE